**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEPHEN KNUTH,

Plaintiff,

v.                                                              CASE NO. 3:19-cv-00028-MMH-MCR

NELNET GUARANTOR SOLUTIONS,
INC., a/k/a NELNET, INC.,

Defendant.
_____

**JOINT MOTION TO STAY DISCOVERY AND THE UNEXPIRED PRE-TRIAL DEADLINES AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 16(b)(4), the parties jointly move to stay discovery and the unexpired pre-trial deadlines pending further order of the Court until such time as the matters pending before the United States Supreme Court and Eleventh Circuit Court of Appeals that may have a direct impact on the claims and defenses asserted herein are published. As grounds therefor, the parties state as follows:

1. Plaintiff filed his Verified Complaint on January 4, 2019 (Doc. 1).

2. Through the filing of three consent motions, Nelnet's deadline to respond to the Complaint was extended to March 25, 2019. *See* Docs. 10, 13, and 15.

3. Nelnet filed a Motion to Dismiss Plaintiff's Complaint on March 25, 2019. *See* Doc. 16.

4. By way of filing an Agreed Motion (Doc. 17), Plaintiff's deadline to respond to Nelnet's Motion to Dismiss was April 15, 2019.

5. Plaintiff filed his Amended Verified Complaint (Doc. 21) on April 15, 2019.

6. On April 29, 2019, Nelnet filed a Motion to Dismiss the Amended Complaint (Doc. 24).

7. By way of filing an Unopposed Motion (Doc. 25), Plaintiff's deadline to respond to Nelnet's Motion to Dismiss the Amended Complaint was May 27, 2019. *See* Doc. 26.

8. Plaintiff filed his Response in Opposition to Nelnet's Motion to Dismiss the Second Amended Complaint on May 22, 2019. *See* Doc. 27.

9. In support of his Response in Opposition, Plaintiff filed a Notice of Filing Supplemental Authority on June 14, 2019. *See* Doc. 28.

10. There are currently two pending cases that could assist the Court in dealing with issues central to the claims and defenses asserted in this action.

11. In *William P. Barr et al. v. American Association of Political Consultants et al.* U.S. Supreme Court Case Docket No. 19-631, the Supreme Court has accepted a petition to address the constitutionality of certain language of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Similarly, the Eleventh Circuit has a case pending on what constitutes an ATDS in *Glasser v. Hilton Grand Vacations Co., LLC*, Eleventh Circuit Docket No. 18-14499.

12. The *American Association of Political Consultants* and *Glasser* cases will deal with issues at the heart of the instant action. Accordingly, a stay pending the rulings from these cases will benefit both the Court and the parties such that resources will be preserved until the decisions are rendered, which will provide the Court valuable instruction on the pending Motion to Dismiss Plaintiff's Amended Complaint.

13.     While the parties acknowledge that this Court generally does not favor motions to stay, a stay is within this Court's inherent power to order. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Further, a district court may issue a "stay pending the resolution of a related case in another court." *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). When a stay is entered pending the resolution of related proceedings, the stay may not be "immoderate." *Id.*, 221 F.3d at 1264. Whether a stay is "immoderate" requires an examination of "both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Id.*

14.     Further, the *Glasser* case has already been briefed by the parties and oral argument was heard on December 6, 2019, so a ruling from the Eleventh Circuit is expected in relatively short order.

15.     Similarly, the Supreme Court's acceptance of the *American Association of Political Consultants* petition on January 10, 2020, suggests that a ruling will be issued by the summer of 2020.

16.     Accordingly, waiting for the expected rulings would not result in an "immoderate" delay of this case.

17.     While the Eleventh Circuit disfavors the granting of a stay based on the Supreme Court's grant of certiorari, *see Gissendaner v. Commissioner, Georgia Dept. of Corrections,* 779 F.3d 1275, 1284 (11th Cir. 2015) (denying motion for stay of execution in §

3

1983 action due to Supreme Court's grant of certiorari in unrelated death penalty case), here, the issues to be decided by the Supreme Court and the Eleventh Circuit are central to the claims and defenses asserted by the parties.  The expected rulings will go to the heart of the matter in this case, and the stay will conserve judicial resources as well as the resources of the parties, which constitutes good cause.

18.	The parties propose that the stay may be lifted by joint motion of the parties or 30 days after issuance of the last opinion by the Supreme Court or the Eleventh Circuit, whichever is earlier.

19.	Alternatively, the parties request the Court stay this case for a period of six (6) months and toll all remaining discovery and other, unexpired pretrial deadlines, at which time the parties can provide additional briefing on the need for any additional extension of time for the case to be stayed.

20.	The discovery cut-off deadline in this case is February 10, 2020.  *See* Doc. 35.

21.	Given the impending discovery cut-off, the significant issues to be decided by the Supreme Court and Eleventh Circuit, and the dispositive (or potentially dispositive) nature of the pending motion to dismiss, the parties respectfully suggest that the circumstances of this case warrant a stay of discovery.  This is particularly the case given that the motion is unopposed.  *See Mulligan v. The Frank Foundation*, 2008 WL 2074387 (M.D. Fla. May 14, 2008) (Bucklew, J.) (granting joint motion to stay pending ruling on motion to dismiss).

22.	The instant motion is filed in good faith and not for the purpose of delay.  Indeed, since all parties are in agreement that a stay is appropriate, there is no harm produced

by a delay. Conversely, if the motion is not granted, the parties will be forced to incur substantial discovery and ongoing litigation costs without knowing whether the operative complaint will be sustained, amended, or dismissed.

      **WHEREFORE**, the parties respectfully request this honorable Court enter an order staying discovery, which includes the Plaintiff's responses to Nelnet's pending discovery requests, and staying the unexpired pre-trial deadlines.

## LOCAL RULE 3.01(g) CERTIFICATION

      Undersigned certifies that all counsel have conferred and agree to the requested relief in this Motion.

Dated: January 21, 2020.

Respectfully Submitted,

| **LEAVENLAW** | **CARLTON FIELDS, P.A.** |
|---|---|
| */s/ Ian R. Leavengood* | *s/ Scott A. Richards* |
| Ian R. Leavengood, Esq., FBN 0010167 | Scott A. Richards, Esq., FBN 72657 |
| Northeast Professional Center | SUNTRUST CENTER – MAIN TOWER |
| 3900 First Street North, Suite 100 | 200 South Orange Avenue, Suite 1000 |
| St. Petersburg, FL 33703 | Orlando, FL 32801 |
| Phone: (727) 327-3328 | Phone: (407) 244-8226 |
| Fax: (727) 327-3305 | Fax: (407) 648-9099 |
| ileavengood@leavenlaw.com | SRichards@carltonfields.com |
| *Attorneys for Plaintiff* | ATokarz@carltonfields.com |
| | *Attorneys for Defendant, Nelnet Guarantor Solutions, Inc. a/k/a Nelnet, Inc.* |

120840366.1

## CERTIFICATE OF SERVICE

I hereby certify that on **January 21, 2020**, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*s/ Scott A. Richards*
Scott A. Richards
